## Porch Bros., Inc., *v.* Davis et al., Appellants.

*Appeals—Conflicting orders of lower court—Moot question.*

Where the president judge of the lower court refused a rule to show cause why an execution should not be stayed, and on the same day the associate judge made an order staying the execution pending the perfecting of an appeal in equity proceedings raising the same question, and on the same day the president judge at chambers set aside the order of the associate judge, an appeal from the order of the president judge, in so doing, will be dismissed as raising but a moot question, where it appears that the equity proceedings were disposed of in the Supreme Court. The staying order of the associate judge expired by its own limitation.

Argued September 28, 1920. Appeal, No. 176, Oct. T., 1920, by defendants, from order of C. P. Cambria Co., Sept. T., 1920, No. 216, vacating a staying order in habere facias possessionem, Sept. T., 1920, No. 33, in case of Porch Bros., Inc., v. J. A. Davis and William Whitney, trading as "The Franklin." Before Brown, C. J., Stewart, Moschzisker, Walling, Simpson and Kephart, JJ. Affirmed.

Proceedings vacating order staying writ of habere facias possessionem.

The opinion of the Supreme Court states the case.

The President Judge, Stephens, P. J., made an order vacating an order staying writ of habere facias possessionem. Defendants appealed.

*Error assigned* was order, quoting it.

*William A. McGuire,* for appellant.

*Frank P. Barnhart,* for appellee.

PER CURIAM, December 31, 1920:

The bill which the appellants filed in the court below prayed for the same relief they ask for here in a petition to stay the writ of habere facias possessionem. That bill has this day been reinstated: see October Term, 1920, No. 148 [the preceding case]; and the refusal of a rule to show cause why the writ of execution should not be stayed was not error. The same day the rule was refused by the president judge of the court his colleague made an order staying the execution, pending "the making up and filing of the record in the equity case and until the complainants have had an opportunity to perfect their appeal from the decree entered to the Supreme Court." On the same day this staying order was set aside by the president judge of the court below, and this appellants allege was error, as he was without authority to do so at chambers. The staying order of the associate judge has expired by its own limitation, as the appeal in the equity case has been disposed of. The question of the authority of the president judge to set aside the staying order of his colleague is, therefore, but a moot one.

Appeal dismissed at appellants' costs.